IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| RUSSELL CALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:25-CV-00030-H-BU |
| RUNNELS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Russell Call, proceeding pro se, brings this action against Runnels County, Runnels County Sheriff's Office, Sheriff Carl Squyres, and two unknown Deputies. (collectively, "the Defendants"). The case is now before the Court due to Call's failure to comply with the Court's Order Requiring Service, Dkt. No. 5, requiring him to properly and timely serve the Defendants. For the reasons explained below, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Call's claims under Federal Rules of Civil Procedure 4(m) and 41(b).

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Call filed this action on March 24, 2025, in the Northern District of Texas, Abilene Division. Dkt. No. 1. Shortly after, the Court transferred the case to the appropriate San Angelo Division, Dkt. No. 2, at which point Call's claims were automatically referred to the undersigned for pretrial management under Special Order 3-251.

On March 5, 2026—almost an entire year after Call filed this action—the Court

1

ordered Call to either (1) demonstrate to the Court that he has properly served the Defendants, or (2) show good cause for why he has not served the Defendants thus far. Dkt. No. 5. The Court gave Call a deadline of April 3, 2026. *Id*. Call has not responded. The case has now been dormant for over a year since it was transferred to the undersigned.

## II.  LEGAL STANDARDS

Rule 6(m) of the Federal Rules of Civil Procedure governs the time within which a plaintiff must serve a defendant. That Rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 6(m) (emphasis added).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

2

### III. ANALYSIS

Call failed to serve the Defendants within 90 days after he filed his Complaint. The Court then ordered Call to serve the Defendants within a specified time, which he failed to do. At no time did Call show good cause for his failure to serve the Defendants. Thus, his Complaint is subject to dismissal under Rule 4(m).

Additionally, the undersigned recommends dismissal under Rule 41(b) for two interrelated reasons: (1) Call's failure to prosecute his claim and (2) his failure to comply with this Court's Order Requiring Service. Starting with Call's failure to prosecute his claim, Call filed suit more than a year ago and has yet to serve the Defendants. This alone warrants dismissal under Rule 41(b). *See Veronica B. v. Comm's of Soc. Sec. Admin.*, No. 3:19-cv-1341-S-BT, 2019 WL 5967847, at *1 (N.D. Tex. Oct. 10, 2019) (collecting cases), *report & rec. adopted*, 2019 WL 5964486.

Dismissal is also warranted because of Call's failure to comply with this Court's Order Requiring Service, which gave him until April 3, 2026, to demonstrate that he has properly served the Defendants. That deadline has now expired without word from Call. This, too, serves as a ground for dismissal under Rule 41(b). *Veronica B.*, 2019 WL 5967847 at *2.

Still, the undersigned has no reason to believe that Call's failures to prosecute or show cause are the result of some improper motive. Thus, the undersigned recommends that the Court dismiss Call's claim without prejudice.

## IV. CONCLUSION

For the reasons provided above, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Call's claims under Rules 4(m) and 41(b) for his failure to timely serve the Defendants, prosecute his case, and comply with this Court's order.

## V. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

ORDERED this 8th day of April 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE